1  DAVID J. DOW, Bar No. 179407
   ddow@littler.com
2  LITTLER MENDELSON, P.C.
   501 W. Broadway
3  Suite 900
   San Diego, CA 92101.3577
4  Telephone: 619.232.0441
   Fax No.:   619.232.4302
5
   Attorneys for Defendants
6  GREYHOUND LINES, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 | FERNANDO OCHOA ASTUDILLO, an individual, | Case No. 2:21-cv-177
11 | Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**
12 | v. |
13 | GREYHOUND LINES, INC., a Delaware corporation; CLAUDIO ARRIOLA, an individual; and DOES 1 through 20, inclusive, | *[Filed concurrently with the, Notice of Interested Parties and Civil Case Cover Sheet]*
14 | Defendants. | Complaint Filed: May 7, 2020
15 |  | Trial Date: N/A

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1.

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINITFF FERNANDO OCHOA ASTUDILLO AND HIS ATTTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Greyhound Lines, Inc. ("Defendant") hereby removes the above-entitled action, Case No. 20STCV17492, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") because the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332.

Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different states."

2. As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

3. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(1)(2), 1391, and 1446.

## PLEADINGS, PROCESS, AND ORDERS

4. This lawsuit arises out of Plaintiff FERNANDO OCHOA ASTUDILLO's ("Plaintiff") employment with Defendant. On May 7, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, styled *FERNANDO OCHOA ASTUDILLO v. GREYHOUND LINES, INC., a Delaware corporation; Claudio Arriola, an individual; and DOES 1 through 20,*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

NOTICE OF REMOVAL

*inclusive*, bearing Case No. 20STCV17492 (the "Complaint").  The Complaint asserts the following thirteen (13) causes of action:  (1) Discrimination in violation of Gov't Code §§12940, *et seq.*; (2) Harassment in violation of Gov't Code §§12940, *et seq.*; (3) Retaliation in violation of Gov't Code §§12940, *et seq.*; (4) Failure to prevent discrimination, harassment, and retaliation in violation of Gov't Code §12940(k); (5) Retaliation in violation of Gov't Code §§12945.2, *et seq.*; (6) Failure to provide reasonable accommodations in violation of Gov't Code §§12940, *et seq.*; (7) Failure to engage in a good faith interactive process in violation of Gov't Code §§12940, *et seq.*; (8) Declaratory judgment; (9) Wrongful termination in violation of public policy; (10) Failure to provide meal and rest periods (Cal. Labor Code §§226.7, 512); (11) Failure to provide itemized wage and hour statements (Cal. Labor Code §§226, et seq.); (12) Waiting time penalties (Cal. Labor Code §§201-203); and (13) Unfair competition (Bus. & Prof. Code §17200 et seq.).  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

5. Attached hereto as **Exhibit B** are true and correct copies of the Proof of Service, Notice of Acknowledgment and Receipt – Civil, Notice of Case Assignment, Summons issued by the Court, the Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, First Amended General Order, Stipulation –Discovery Resolution,  Stipulation – Early Organizational Meeting, Informal Discovery Conference, Stipulation and Order – Motions in Limine, Alternative Dispute Resolution (ADR) Information Package, Notice to Complainant's Attorney, Complaint of Employment Discrimination, and Statement of Damages, which were mailed to Defendant on May 29, 2020, along with a copy of the Complaint.

6. On June 17, 2020, Defendant signed and returned the Notice of Acknowledgment to Plaintiff.  Attached hereto as **Exhibit C** is a true and correct copy of the signed Notice of Acknowledgment.

7. On July 17, 2020, Defendant filed its Answer to Plaintiff's Complaint.

3.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

**NOTICE OF REMOVAL**

1. Attached hereto as **Exhibit D** is a true and correct copy of Defendant's Answer.

8. On September 25, 2020, Defendant's counsel completed a notice and acknowledgement of receipt and accepted service for Individual Defendant Claudio Arriola. Attached hereto as **Exhibit E** is a true and correct copy of the signed Notice and Acknowledgement form.

9. Between September 25, 2020 and November 11, 2020, Defendant's counsel and Plaintiff's counsel engaged in a meaningful meet and confer process regarding Individual Defendant Claudio Arriola and the viability of the causes of action alleged against him in the Complaint. On November 11, 2020, Plaintiff's counsel filed a request for dismissal with the Court dismissing all causes of action against Arriola with the exception of the second cause of action for Harassment. Attached hereto as **Exhibit F** is a true and correct copy of the Request for Dismissal.

10. Between November 11, 2020 and December 4, 2020, Defendant's counsel and Plaintiff's counsel continued meeting and conferring regarding the sole remaining cause of action pled against Arriola.

11. On December 11, 2020, Plaintiff's counsel filed a Request for Dismissal as to the sole remaining cause of action against Individual Defendant Claudio Arriola. Attached hereto as **Exhibit G** is a true and correct copy of Request for Dismissal.

12. Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto as **Exhibits A through G** constitute all process, pleadings, and orders served upon Defendant or filed in this action.

## TIMELINESS OF REMOVAL

13. Plaintiff caused the Request for Dismissal as to the sole remaining cause of action against Individual Defendant Claudio Arriola to be served on Defendant through its attorney on December 11, 2020. Because Arriola is a citizen of California, the inclusion of Arriola as a Defendant had precluded removal of this case to federal court based on diversity of citizenship jurisdiction. However, the case became removable upon the dismissal of Arriola. Pursuant to 28 U.S.C. section 1446(b)(3),

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4.

NOTICE OF REMOVAL

this Notice of Removal is therefore timely filed as it was "filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. ¶1332

14. Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…(1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

15. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he is a resident of the County of Los Angeles, State of California. (Complaint ¶ 2.) Thus, Plaintiff is a citizen of California.

16. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

5.

NOTICE OF REMOVAL

the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

17. At the time this action was commenced in state court, Defendant was, and still is, a corporation incorporated under the laws of the state of Delaware. Defendant's corporate headquarters are located in Dallas, Texas. Dallas, Texas is where the majority of the Company's corporate, principal, and executive officers are employed, where the majority of the Company's corporate-wide decisions are made, including decisions concerning Defendant's operations, policies, and procedures, and where its administrative functions, including that of marketing, logistics, planning, payroll, and accounting are conducted. Dallas, Texas is also where the majority of the key decisions are made with respect to the direction of the Company. Thus, Defendant's principal place of business is Dallas, Texas, and Defendant is therefore a citizen of Texas and Delaware for purposes of diversity.

18. Plaintiff named Defendant Greyhound as a defendant in the Complaint, and alleges that Defendant Greyhound was at all times Plaintiff's employer during the relevant time periods referenced in the Complaint. (Complaint, ¶¶ 5, 6, 18.) Defendant Greyhound is now the only named defendant in the Complaint; Plaintiff has dismissed Claudio Arriola, the only individually named defendant to this action.

19. The Complaint names as defendants "DOES 1 through 20, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

20. As discussed in detail below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332(a).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

6.

**NOTICE OF REMOVAL**

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

21. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

22. Plaintiff's Statement of Damages (**Exhibit B**) alleges that Plaintiff is seeking damages "in an amount according to proof but estimated to be no less than $500,000.00, in a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity." The Statement of Damages further alleges that Plaintiff is seeking "$1,000,000 in punitive damages." Thus, according to Plaintiff's own pleadings, the amount in controversy in this case is at least $1,500,000, which far exceeds the jurisdictional minimum.

23. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## NOTICE TO STATE COURT AND PLAINTIFF

24. Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

7.

**NOTICE OF REMOVAL**

will be given by the undersigned to counsel for Plaintiff, Ramin R. Younessi, Sam Setyan, and Samantha Ortiz of Law Offices of Ramin R. Younessi, APC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Dated:     January 8, 2021

/s/ David J. Dow
DAVID J. DOW
LITTLER MENDELSON, P.C.
Attorneys for Defendants
GREYHOUND LINES, INC.

4834-0848-2260.3 070992.1089

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

8.

NOTICE OF REMOVAL